

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2007

# Walker v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4598

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Walker v. Williamson" (2007). *2007 Decisions.* Paper 1012.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1012

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-226              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4598 and 07-1906
_____

DARNELL L. WALKER,
Appellant
vs.

TROY WILLIAMSON, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-CV-01943)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2007
BEFORE: McKEE, FUENTES and WEIS, CIRCUIT JUDGES
Filed: June 4, 2007
_____

OPINION
_____

PER CURIAM.

       Darnell Walker appeals from an order of the United States District Court for

the Middle District of Pennsylvania, dismissing his petition filed pursuant to 28 U.S.C.

§ 2241 without prejudice and also from an order denying his motion for reconsideration.

We will affirm both of the District Court's orders.

This is Walker's second attempt in our courts to collaterally attack his conviction for various drug and firearms charges stemming from a conspiracy to distribute cocaine and cocaine base in Youngstown, Ohio. Walker filed a § 2241 petition in 2002, arguing that 28 U.S.C. § 2255 was inadequate and ineffective to present his challenge. He asserted that "the prosecution failed to prove drug quantity and aggravating factors that [were] used to increase his sentence," and that Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002) negated the criminal nature of the conduct for which he was convicted. The District Court dismissed his petition without prejudice and this Court affirmed, finding that Ring was inapplicable and that Walker could not raise his claim in a § 2241 petition because § 2255 is not inadequate or ineffective for individuals to raise Apprendi claims. See Walker v. Dodrill, C.A. No. 02-3995 (3d Cir. May 9, 2003) (citing Okereke v. United States, 307 F.3d 117, 120-121 (3d Cir. 2002)).

In the instant petition, Walker is again attempting to raise, in essence, an Apprendi claim. He argues that he may now bring the claim in a § 2241 petition because under the standards announced in United States v. Gonzalez, 420 F.3d 111 (2d Cir. 2005), he is innocent of distributing a controlled substance under 21 U.S.C. § 841 and his sentence is invalid. As the District Court noted, Gonzalez is not binding on the courts of this Circuit. Further, the "safety valve" by which a prisoner may bypass § 2255 when it is "inadequate or ineffective to test the legality of his detention," is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge

2

his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Such is not the case here. As this Court noted in Okereke, Apprendi dealt with sentencing, and did not render drug convictions non-criminal. Id. As the safety valve did not apply in Walker's case, the District Court properly dismissed the petition. We further agree with the District Court that Walker's motion for reconsideration did not set forth any newly discovered facts or precedent that affected the District Court's decision, nor did he establish that the District Court's decision contained errors of law or fact.

For the foregoing reasons, after reviewing the record and considering the responses filed by both parties in this Court, the orders of the District Court will be affirmed.